UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENRY CONNER,
    *Plaintiff,*

vs.

CENTURION OF FLORIDA, LLC, et al.,
    *Defendants.*
_____/

CASE NO. 3:20cv5263-TKW/EMT

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE PUNITIVE DAMAGES

The Court should deny Defendants' Motion to Bifurcate Punitive Damages (Doc. 56). As discussed below, Defendants have not met their burden of showing that bifurcation is warranted.[1] To the contrary, bifurcation is not appropriate in this case because the issues of liability and punitive damages are intertwined, and even limited bifurcation would be inconvenient and unduly prejudice Plaintiff.

---

[1] In their pre-filing correspondence requesting Plaintiff's position on their forthcoming motion to bifurcate, Defendants indicated they would be moving "to bifurcate the trial into two phases: (1) whether Defendants retaliated against Plaintiff (2) the amount of compensatory damages Plaintiff is entitled to, if any; and if the first two are determined in the affirmative, (3) whether Plaintiff is entitled to punitive damages." In their Motion, however, Defendants request only that "the determination of the amount of punitive damages" be bifurcated. In an abundance of caution, Plaintiff addresses bifurcation of both entitlement to and the amount of punitive damages. For the reasons discussed below, Plaintiff opposes *any* bifurcation.

## ARGUMENT

### A.  Rule 42(b) Standard

Federal Rule of Civil Procedure Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The language of the Rule makes clear that the decision whether to bifurcate a trial is discretionary. *See Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345-46 (S.D. Fla. 2008). In considering bifurcation, "the court should remain mindful of the traditional rule of the fact-finder; i.e., to make an ultimate[] determination on the basis of a case presented in its entirety." *Compton v. Bach*, 374 F. Supp. 3d 1296, 1306 (N.D. Ga. 2019) (internal quotation marks omitted).

As the Advisory Committee Note to Rule 42(b) states, "separation of issues for trial is not to be routinely ordered." FED. R. CIV. P. 42(b) advisory committee's note to 1966 amendment; *see also State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978) ("[T]his Court has cautioned that separation of issues is not the usual course that should be followed, and that the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice."). "Bifurcation is the exception, not the rule, and the party seeking bifurcation shoulders the heavy burden of establishing that bifurcation is warranted." *In re Lehman Bros. Holdings, Inc.*, No. 10 Civ. 6200, 2011 WL 2651812, *1 (S.D.N.Y. June 22, 2011) (citation omitted); *see also 1550 Brickell Assocs. v. QBE Ins. Corp.*, No. 07-22283-CIV, 2010 WL 4683889, at *2

(S.D. Fla. Nov. 10, 2010) ("[T]he moving party bears the burden of demonstrating the benefits of bifurcation.").

## B. Defendants Have Not Sustained Their Burden of Showing That Bifurcation Is Warranted.

Defendants have not met their "heavy burden" of demonstrating that bifurcating the trial in this case will promote convenience, avoid prejudice, or expedite or economize the final resolution of this case. In fact, their only argument as to prejudice is that "allowing the jury to hear evidence of net worth during the liability phase of the trial risks undue prejudice." Defs.' Mot. to Bifurcate (Doc. 56) at 5. As Defendants accurately noted, however, Plaintiff does not oppose the exclusion of evidence regarding Defendants' net worth. *See* Defs.' Mot. in Limine Re Wealth of Parties (Doc. 56) at 5. Accordingly, this is a non-issue.

Defendants also assert in conclusory fashion that bifurcation is warranted because "Plaintiff presents a weak case as to Defendants' liability." Defs.' Mot. to Bifurcate (Doc. 56) at 5. While Defendants may wish that were so, it simply is not the case. As the Court observed in denying summary judgment on Plaintiff's retaliatory suspension claim, "there is evidence from which a reasonable juror could find that Plaintiff did not abandon his patients and that the real reason Defendants suspended him was retaliation for his complaints about discrimination during the July 11 meeting (and before)." Order on Mot. Summ. J. (Doc. 43) at 30. This evidence is substantial. *See id.* at 29-30.

3

**C.     Bifurcation Is Not Appropriate in This Case.**

Factors that courts consider in determining whether bifurcation is warranted include: "whether the issues are significantly different from one another; whether the issues are to be tried before a jury or to the court; whether the posture of discovery on the issues favors a single trial or bifurcation; whether the documentary and testimonial evidence on the issues overlap; and whether the party opposing bifurcation will be prejudiced if bifurcation is granted." *Estate of Carrillo v. Fed. Deposit Ins. Corp.*, Case No. 11-22668-CIV, 2012 WL 13013081, at *1 (S.D. Fla. Apr. 25, 2012).

Where the evidence supporting punitive damages is also relevant to other issues in the case, bifurcation serves no purpose. *See EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (affirming denial of bifurcation in Title VII case because evidence supporting punitive damages was also relevant to liability and animus). Here, evidence regarding liability – including Defendants' failure to take any action in response to their employees' complaints and their pattern of retaliatory conduct against other employees – also is relevant to the issue of the willfulness and egregious conduct that supports punitive damages. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1281 (11th Cir. 2008) (citing as evidence supporting punitive damages defendant's pattern of retaliatory conduct against other employees and its apathetic response to plaintiff's complaint, which demonstrated that its antidiscrimination policy "was totally ineffective").

Indeed, the facts and issues in this case related to liability and punitive damages are so intertwined that it would be difficult – if not impossible – to separate the issues

at trial. *See Talley v. Burt*, No. 2:16-CV-01318, 2019 WL 5842857, at *8 (W.D. Pa. Nov 7. 2019) (denying bifurcation where plaintiff's retaliation claim and his claim for punitive damages involved "significant overlapping evidence").

### D. Even Limited Bifurcation Would Cause Unnecessary Delay and Prejudice to Plaintiff.

Plaintiff also would be prejudiced by *any* bifurcation because, if the jury were instructed that a finding for Plaintiff in the first phase of the trial would require another phase on punitive damages, the jury may be encouraged to render a liability verdict in favor of Defendants to avoid further jury service. Additionally, bifurcation would be inconvenient and would unnecessarily prolong the trial. *See, e,g.*, *1550 Brickell Assocs.*, 2020 WL 4683889, at *3 (denying bifurcation because it "would be inconvenient and would only serve to delay th[e] litigation further" and "would prejudice [plaintiff] through additional unnecessary delay").

## CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that the Court deny Defendants' Motion to Bifurcate.

Respectfully submitted,

**TEIN MALONE PLLC**

*/s/ Gaye L. Huxoll*
Gaye L. Huxoll
Florida Bar No. 149497
ghuxoll@teinmalone.com
(305) 442-1101

*Counsel for Plaintiff*

5